IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Janice L. Massey, | ) | Civil Action No.: 0:11-2251-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Michael J. Astrue, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court for review of the Report and Recommendation of the United States Magistrate Judge Paige J. Gossett made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 for the District of South Carolina. Janice L. Massey ("Massey") brought an action seeking judicial review of a final decision of the Commissioner of Social Security ("the Commissioner") denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits under Titles II and XVI of the Social Security Act. In her Report and Recommendation ("Report"), the Magistrate Judge recommends affirming the Commissioner's decision. (ECF No. 29.) Massey filed objections to the Report and Recommendation seeking a reversal of the Administrative Law Judge's ("ALJ") decision and a remand of this matter for supplemental proceedings. (ECF No. 34.) For the reasons stated below, the Court adopts the Report and Recommendation and affirms the Commissioner's decision.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter, and the Court incorporates them and summarizes below in relevant part. Massey was forty-three years old at the time of her alleged disability onset date. (Tr. 121.) She has a high school education and past relevant work experience as a waitress. (Tr. 151, 157.) Massey alleged disability

since July 20, 2007 due to asthma, chronic obstructive pulmonary disease, lung disease, and thyroid cancer. (Tr. 151.) Massey filed applications for DIB and SSI in July 2007. (Tr. 118-23.) The claims were denied initially and upon reconsideration. (Tr. 48-66.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") which was held on December 11, 2009. (Tr. 32-47.) The ALJ concluded that Massey was not under a disability as defined by the Social Security Act in a decision dated February 10, 2010. (Tr. 15-31.) The Appeals Council denied Massey's request for review (Tr. 1-3), making the ALJ's decision the final decision of the Commissioner. Massey subsequently filed an action in this Court. (ECF No. 1.)

## II. REPORT AND RECOMMENDATION

The Magistrate Judge recommends affirming the ALJ's decision, having concluded that there is substantial evidence to support the decision of the Commissioner. (ECF No. 29 at 1). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1). "However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendations to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations." *Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (internal citations omitted).

### III. PARTIES' RESPONSE

Massey filed objections to the Report and Recommendation ("Objections") on November 12, 2012, raising two objections very similar to arguments made in her initial briefing concerning the ALJ's assessment of her impairments and credibility. (ECF No. 34.) The Commissioner filed a response to Massey's Objections to the Magistrate Judge's Report arguing that Massey is merely attempting to renew the same arguments made before the Commissioner and the Magistrate Judge for a re-weighing of the evidence. (ECF No. 37 at 1-2.)

### IV. DISCUSSION OF THE LAW

#### A.    Standard of Review

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Under 42 U.S.C. § 405(g), the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . ."); *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); see, e.g., *Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). In order for a reviewing court to determine whether the Commissioner based a decision on substantial evidence, "the decision must include the reasons for the determination . . . ." *Green v. Chater*, 64 F.3d 657, 1995 WL 478032 *2 (4th Cir.1995) (*citing Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir.1986)). The statutorily mandated standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See, e.g., Vitek v. Finch*, 438 F.2d 1157 (4th Cir.

1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). Accordingly, "the court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id.* at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

> **B. Consideration of Plaintiff's Impairments in the Assessment of her Residual Functional Capacity**

Plaintiff first reiterates arguments made in her previous briefings, and generally objects to the ALJ's Residual Functional Capacity assessment ("RFC") and the ALJ's findings concerning her impairments. (ECF No. 34 at 1-2.) As an initial matter, however, a party's general objections are not sufficient to challenge a magistrate judge's findings. *See Pickens v. U.S. Dep't of Justice*, 479 Fed. Appx. 460, 461 (4th Cir. 2012)( "in order to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as to reasonably alert the district court of the true ground for the objection."); *see also Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508–09 (6th Cir.1991); *Ford v. Reynolds*, No. 3:11-67, 2011 WL 2581397, * 2 (D.S.C. 2011). Therefore, this general objection is overruled and the Court turns to Petitioner's more specific objections directed toward the Magistrate Judge's Report and Recommendation. Massey contends that the combined impact of all of her impairments, including ones that the ALJ did not find severe, would have some additional functional impact on

Plaintiff. (ECF No. 34 at 2.) To that end, Massey "submits that the evidence cited by the Commissioner and the Magistrate Judge does not address the issue of whether . . . the impairments caused Massey to be unable to perform work for a period of at least a year." (ECF No. 34 at 2.) Massey particularly references her knee problems, knee operation, carpal tunnel syndrome release surgery, shoulder problems, and shoulder surgery and recovery. (ECF No. 34 at 2-3.) Massey argues that the evidence she presented outlining the onset of these impairments that required surgery, as well as the evidence documenting the recovery time associated with these impairments, support her argument that she was disabled by the combination of the impairments. (ECF No. 34 at 3.) Contrary to Massey's assertion, the Court finds that the Magistrate Judge's analysis did in fact consider the combined impact of Massey's impairments on her ability to perform substantial work activity and Massey seems to acknowledge as much in claiming that "the Magistrate's mention of Massey's healing from surgery is not sufficient evidence that she was not impaired for at least a year." (ECF No. 34 at 3.)

"The steps for analyzing claims of disability for purposes of entitlement to a period of disability, disability insurance benefits, and SSI are set forth in 20 C.F.R. §§ 404.1520, 416.920 (1993)." *Wiggins v. Shalala*, 16 F.3d 414, *2 (4th Cir. 1994) (unpublished table decision). The Commissioner must first must determine whether the claimant is engaged in substantial gainful activity. *Id.* (citing 20 C.F.R. §§ 404.1520(b), 416.920(b)). If so, there is no disability. *Id.* (citing 20 C.F.R. §§ 404.1520(a), 416.920(a)). If not, the analysis proceeds to step two and the ALJ considers the question of whether the claimant is severely impaired for the durational period required by the regulations. *Id.* (citing 20 C.F.R. §§ 404.1509, 404.1520(c), 416.909, 416.920(c)). A "severe impairment" is one or a combination of impairments which "significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520, 416.920(c). "If the

claimant is not severely impaired, no disability is found and the inquiry ceases." *Wiggins,* 16 F.3d 414, at *2. If the claimant is severely impaired, the analysis proceeds for a determination of whether the claimant's severe impairments meet or equal those impairments listed in 20 C.F.R. Part 404; if not, whether the claimant has the residual functional capacity to perform past relevant work; and if not, whether the claimant is capable of other work, taking into account the claimant's residual functional capacity, age, education, and work experience. *Wiggins,* 16 F.3d 414, at *2 (citing 20 C.F.R. §§ 404.1520(d).1520(f), 416.920(d)-.920(f)).

Massey essentially argues that the ALJ improperly considered the evidence or record, so the Court will review the ALJ's factual findings and disability determination for substantial evidence. Concerning her surgeries and recoveries, the ALJ found that while the record establishes that Massey had been treated for osteoarthritis of her left knee, right carpal tunnel syndrome, and right shoulder injury, the record did not establish that any of the problems imposed significant work-related limitations for any twelve-month period relevant to the ALJ's decision. (Tr. 20.) Relevant here, "disability" under the Act requires an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (emphasis added); *see also* 20 C.F.R. § 404.1509.

In her objections, Massey points to her previously filed brief which presents a timeline of her knee, carpal tunnel, and shoulder surgeries and related appointments and recovery periods which occurred between October 2008 and October 2009. (ECF No. 21 at 23). Massey claims that the combined impact of these impairments would have precluded substantial work activity for at least one year because "[i]t is unrealistic that an individual could deal with the surgeries, and necessary recovery time including periods of physical therapy during this period of time while managing to not

miss an excessive amount of time from work." (ECF No. 21 at 24.)

Massey's medical procedures may have caused her to miss significant time from work between October 2008 and October 2009. But even granting that these medical procedures and associated functional limitations, if any, prevented Massey from engaging in substantial gainful activity during this period of time, the ALJ found that the record demonstrated that Massey had knee surgery in November 2008, right hand surgery in February 2009, and shoulder surgery in June 2009, but that the record did not "contain information to confirm the claimant's allegations as to any residuals following the operations." (Tr. 24.) The ALJ observed that the record indicated that in January 2009, Massey was doing well with regard to her knee; in November 2009 her shoulder "looked good" and she could return to full activities; and in April 2009, Massey denied any functional limitations upon discharge from physical therapy for her shoulder where she met all goals. (Tr. 24.)

Substantial evidence in the record supports a conclusion that the functional limitations after each of Massey's procedures did not last for a continuous period of at least 12 months. The record therefore suggests that Massey could have engaged in substantial gainful activity during this time period, and Massey has presented no evidence to the contrary. In short, while an inference may be drawn that Massey's procedures and recovery could have forced her to miss significant work time from October 2008 through October 2009, substantial evidence also supports the conclusion that her surgical procedures and associated recovery would not have prevented her from engaging in substantial gainful activity for a continuous period of 12 months. Because it is reasonable to conclude that Massey's surgical procedures and limitations during recovery did not satisfy the durational requirement, substantial evidence supports a finding that Massey did not establish that she was disabled during the relevant period from those procedures and limitations.

Next, Massey requests that her case be "remanded for a proper assessment of her depression that is well-documented by doctors who have treated her, and that the RFC adequately reflect Massey's inability to properly interact socially, as seen by her interactions with her doctors." (ECF No. 34 at 5.) Massey contends that her depression was a severe impairment that had a meaningful impact on her ability to work and finds error in the Magistrate Judge's determination that any error committed by the ALJ by finding the impairment to be non-severe would be harmless because the ALJ limited Massey to sedentary work with additional restrictions including a sit/stand option. (ECF No. 34 at 4-5.) Massey argues that the limitations the ALJ imposed would not account for Massey's inability to interact with others or to concentrate on her work without exhibiting signs of depression that would interfere with her work. (ECF No. 34 at 5.)

The ALJ found that Massey's "medically determinable mental impairment of depression/anxiety does not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and is therefore non-severe." (Tr. at 21.) The ALJ went on to discuss his consideration of the four broad functional areas set forth for the evaluation of mental disorders. To Massey's point concerning her inability to interact with others and inability to concentrate on work without exhibiting signs of depression, the ALJ made specific findings on social functioning and episodes of decompensation. (Tr. 21.) In considering the evidence on the whole, the ALJ concluded that the record does not indicate that the impairments imposed "significant work-related functional limitations for any twelve-month period relevant to this decision." (Tr. 24.) The ALJ also noted that the record does not establish that Massey sought treatment by a mental health professional for any mental/mood problem at any time relevant to ALJ's decision. (Tr. 24.)

The Magistrate Judge considered the medical records from 2006 through 2009 (to include records from St. James-Santee Family Health Center where Massey was seen as a walk-in patient,

pulmonologist Desmond Young, M.D., Ear, Nose, and Throat doctor Gary Giovagnoli, D.O., and Alex Duvall, M.D. of the Waccamaw Medical Center) cited by Massey as evidence of: her diagnoses of depression or anxiety; reports of an anxious, apprehensive, and tense mood; an instance of crying during an office visit for no apparent reason; and being tearful during an office visit. (ECF No. 29 at 8.) In reviewing the decision of the ALJ, the Magistrate Judge found that the ALJ's determination that the impairment did not cause more than mild limitations in the functional areas of activities of daily living; social functioning; and concentration, persistence, or pace and resulted in no episodes of decompensation for an extended period, was supported by the evidence. (ECF No. 29 at 8-9.) She further noted that and that any impairment would not "significantly limit [Massey's] physical or mental ability to do basic work activities." (ECF No. 29 at 9).

Having reviewed these records in light of Massey's arguments and the applicable standard of review, the Court finds no error. In reviewing for substantial evidence, the Court does not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir.1996). "'Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ].'" *Id.* (quoting *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir.1987)); *see also Parsons v. Astrue*, No. 11-1611, 2012 WL 4827968 (4th Cir. 2011) (unpublished decision).

Massey's claims of depression and anxiety were considered as part of her RFC analysis, even though the associated limitations were not considered severe. (Tr. 22-25) *See* 20 C.F.R. §§ 404.1523. As the Magistrate Judge has noted, Massey does not identify credible evidence showing that she had limitations that were in excess of the ALJ's RFC finding. (ECF No. 29 at 8-10.) The ALJ has the duty to resolve any conflicts in the medical evidence and did so, however, he

apparently did not resolve the conflict in Massey's favor. *See Richardson v. Perales*, 402 U.S. 389, 399 (1971). This does not, however, mean there was error in the ALJ's RFC finding or the Magistrate Judge's review of the same. Massey has not stated anything that would make this Court find any error in the Magistrate Judge's analysis and the objection is overruled.

### C.     Evaluation of Credibility of Plaintiff

Massey also objects to the ALJ's credibility determination and the Magistrate Judge's indication that it was appropriate for the ALJ to take note of Massey's failure to follow prescribed treatment– smoking cessation– in the credibility determination. (ECF No. 34 at 5.) Massey argues that her testimony and the record document her efforts to stop smoking and further argues that the ALJ should have developed Massey's reasons for not being able to quit smoking. (ECF No. 34 at 5-7.) Massey also objects to the ALJ's finding that her credibility was weakened due to her complaints of continued problems with her shoulder, knees and hands following her surgeries and also complains that the ALJ failed to acknowledge medical records documenting her fibromyalgia. (ECF No. 34 at 7.) Finally, as it relates to her credibility, Massey argues that the Magistrate Judge failed to address her claims that she required breathing treatments that would necessitate periodic work breaks. (ECF No. 34 at 7-8.)

The Commissioner argues that Massey does not identify legal error in the ALJ's credibility assessment, rather she claims that the ALJ should have weighed the evidence differently. (ECF No. 37 at 4.) The Court agrees and finds no legal error in the ALJ's credibility determination. The ALJ found that Massey's medically determinable impairments could reasonably be expected to cause some alleged symptoms, however, he determined that Massey's statements concerning the intensity, persistence, and limiting effects of the symptoms were not credible to the extent they were inconsistent with the RFC assessment. (Tr. 23.)

-10-

Specifically, the ALJ found that Massey's credibility was weakened by the fact that she had not stopped smoking despite being advised by doctors that continued smoking would exacerbate her lung condition. (Tr. 23.) The ALJ also found that in other respects, the medical records did not support her claims and complaints. (Tr. 23.) The Magistrate Judge considered Massey's arguments concerning her fibromyalgia claims and breathing limitations as they relate to her credibility determination and noted that Massey failed to identify any credible evidence showing that she had limitations in excess of the ALJ's RFC finding limiting her to sedentary exertional work with a sit/stand option and exposure to respiratory irritants. (ECF No. 29 at 9.) The Court concurs with the reasoning and result recommended by the Magistrate Judge. In reviewing for substantial evidence, the Court will not undertake to make credibility determinations; the responsibility for making these determinations falls on the ALJ. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

Upon review, the Court finds that the ALJ's determination is supported by substantial evidence in the record. Massey claims that the Magistrate Judge should have considered the Fourth Circuit case *Gordon v. Schweiker*, 725 F.2d 231 (4th Cir. 1984), however, this case does not change the result and is factually distinguishable. Massey claims that *Gordon* stands for the proposition that if cigarette abuse is involuntary, good cause exists for the failure to obtain treatment. (ECF No. 34 at 6.) However, *Gordon* addresses cigarette abuse related to a denial of benefits. The Fourth Circuit there held that the Commissioner can only "deny the claimant benefits because of alcohol or tobacco abuse if [he] finds that a physician has prescribed that the claimant stop smoking or drinking and the claimant is able voluntarily to stop." *Gordon v. Schweiker*, 725 F.2d 231, 236 (4th Cir. 1984). The case does not in any way preclude an ALJ from considering a claimant's failure to stop smoking in the context of a credibility analysis. For the same reasons, Massey's citation to SSR 82-59 does not apply in this context because the ALJ had no duty to develop the record as to Plaintiff's reasons for

-11-

failing to comply with orders. (ECF No. 34 at 6-7.) Massey's failure to comply with medical directives is an acceptable credibility determination based upon specific evidence in the record. *See Hunter v. Sullivan*, 993 F.2d 31, 36 (4th Cir. 1992) (claimant's failure to fill prescription for painkiller and failure to follow medical and physical therapy regimen supported ALJ's inference that claimant's pain was not as severe as he asserted).

## V. CONCLUSION

The Court has carefully reviewed the record, including the findings of the ALJ and Massey's Objections, and concurs in the recommendation of the Magistrate Judge. Thus, the Court adopts the Report and Recommendation and incorporates it herein by reference. The decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

                                                    s/Mary G. Lewis  
                                                    United States District Judge

Spartanburg, South Carolina  
January 16, 2013